[No. 14421. Department One. October 15, 1918.]

JOHN H. CARLIN, *Respondent,* v. FRED DRAPER *et al.,*
*Appellants.*[1]

APPEAL (1002)—REVIEW—VERDICT. Where a question of fact is presented upon conflicting evidence, a verdict supported by substantial evidence will not be reviewed on appeal.

Appeal from a judgment of the superior court for Stevens county, Jackson, J., entered December 5, 1916, upon the verdict of a jury rendered in favor of the plaintiff, in an action of replevin. Affirmed.

*Rochford & Wilson,* for appellants.

*W. Lon Johnson,* for respondent.

MAIN, C. J.—This is an action in replevin, and was brought for the purpose of recovering the possession of certain lumber. The cause was tried to a jury, and resulted in a verdict that the plaintiff was the owner and entitled to the possession of the lumber. Motion for judgment *non obstante veredicto* and motion for new trial being interposed, both of which were overruled, judgment was entered upon the verdict. From this judgment, the defendants appeal.

The facts necessary to an understanding of the case may be stated as follows: In November, 1914, the respondent sold to John Kendall and J. J. Kendall a sawmill and certain equipment therefor for the sum of $1,650, payable in lumber to be cut and delivered to the respondent at Colville, Washington. At the time of making this contract, John Kendall and wife, to secure the payment of the $1,650, executed and delivered to the respondent a mortgage upon what is referred to as their timber homestead, and particularly described. The sawmill was moved by the Kendalls

[1]Reported in 175 Pac. 571.

and erected upon this land. After so erecting the saw-mill, they proceeded to operate the same. The respondent engaged in the logging business and delivered logs to the Kendalls to be sawed into lumber. The mill apparently was operated until about November 26, 1915, when it was closed down, the Kendalls at this time being somewhat embarrassed financially. Soon after the mill closed down, the respondent claims that approximately one hundred thousand feet of lumber then in the yard was sold to him and that he immediately took possession thereof. On December 31, 1915, John Kendall and wife, by a quitclaim deed, conveyed their interest in the land covered by the mortgage to appellants Mrs. Carrie Draper and J. H. Loucks. On the same date, John Kendall, by a bill of sale, transferred to the same parties the sawmill outfit, together with the logs unsawed and the lumber in the yard. This bill of sale covered the one hundred thousand feet of lumber which, as above stated, the respondent claimed to have purchased and taken possession of on November 26, 1915. A dispute arose between the parties as to the ownership of the lumber.

The respondent claimed not only that he had purchased and taken possession of it, but that, at the time the bill of sale was made to Mrs. Draper and J. H. Loucks, they had knowledge that he claimed the lumber. The appellants claim that respondent did not take possession of the lumber, and that they acquired it under their bill of sale and without knowledge or notice of any adverse claim.

There is substantial evidence in the record which, if believed, would support the respondent's position. There is also substantial evidence which, if believed, would support the position of appellants. A question of fact was, therefore, presented upon conflicting evidence, which it was the province of the jury to deter-

mine, and the jury determined the question in favor of the respondent. There being substantial evidence to support the verdict, the question of fact will not be here reviewed. The trial court did not err in declining to grant the motion for judgment notwithstanding the verdict.

There are a number of assignments of error covered by the motion for new trial which relate to the ruling of the trial court upon the acceptance and rejection of evidence and to instructions given. Without reviewing the claimed errors on the reception and rejection of evidence in detail, it may be said that we find in none of them, after careful consideration, any substantial merit.

One of the instructions to which objection is made is what is referred to as No. 4, and it is claimed that this instruction is inconsistent, vague and misleading and assumes a fact as proven which was in issue. We think the instruction is not subject to the criticism directed against it. It is reasonably clear and states the law as favorably to the contention of the appellants as they were entitled to. It could not reasonably be given the interpretation of assuming a fact as proven which was in issue.

The objections to the other instructions covered by the assignments of error are equally without merit. The case was fairly tried, the pivotal question being one of fact, which was submitted to the jury by instructions which were not prejudicial to the appellants.

The judgment will be affirmed.

FULLERTON and PARKER, JJ., concur.